IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30083
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TROY TENNESSEE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-131-All-J
--------------------
October 4, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender, counsel for Troy Tennessee, has requested leave to withdraw as counsel and has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Tennessee has filed a pro se response. As part of his response, Tennessee raises a claim of ineffective assistance of counsel. Tennessee argues that his counsel was ineffective for failing to introduce medical records in support of his claim of diminished mental capacity. Claims of ineffective assistance of counsel

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

generally may not be raised on direct appeal unless they were raised in the district court.  See <u>United States v. Rivas</u>, 157 F.3d 364, 369 (5th Cir. 1998).  Because Tennessee failed to raise this claim in the district court, the record on appeal is insufficient to evaluate the merits of his claim.  See <u>United States v. Haese</u>, 162 F.3d 359, 363 (5th Cir. 1998)(ineffective-assistance claims normally raised in a 28 U.S.C. § 2255 motion).

Our independent review of the record, counsel's brief, and Tennessee's response discloses no non-frivolous issue. Accordingly, counsel's motion to withdraw is GRANTED.  Counsel is excused from further responsibilities, and the appeal is DISMISSED. <u>See</u> 5TH CIR. R. 42.2.